**PROSKAUER ROSE LLP**
Jennifer L. Roche, SBN 254538
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:     (310) 557-2900
Facsimile:      (310) 557 2193

Baldassare Vinti*
Jeffrey H. Warshafsky*
11 Times Square
New York, New York 10036
Telephone:     (310) 969-3000
Facsimile:      (310) 969-2900
* *Pro hac vice* application forthcoming

Attorneys for Defendant
CHURCH & DWIGHT CO., INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVA GONZALES, individually and behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHURCH & DWIGHT CO., INC., a Delaware corporation,<br><br>Defendant. | Case No. _____<br><br>(Los Angeles County Case No. 23STCV10029)<br><br>**DEFENDANT CHURCH & DWIGHT CO., INC.'S NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1332, 1453]<br><br>Complaint Filed:  May 4, 2023 |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant Church & Dwight Co., Inc. ("CHD"), by and through its undersigned counsel, hereby effects removal of the above-referenced action from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California. Removal of this action is brought pursuant to 28 U.S.C. §§ 1332(a) and 1441, which gives this Court original jurisdiction over any civil matter in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs" and is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Specifically, removal of this action is made on the following grounds:

## BACKGROUND AND TIMELINESS OF REMOVAL

1. On May 4, 2023, Plaintiff Geneva Gonzales filed a Complaint against CHD in the Superior Court of California for the County of Los Angeles. In her Complaint, Plaintiff alleges a single cause of action for violations of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 *et seq*. (Declaration of Jennifer L. Roche in Supp. Defendant Church & Dwight Co., Inc.'s Notice of Removal ("Roche Decl.") ¶ 3, Ex. A.).

2. On May 10, 2023, Plaintiff served CHD with a Summons and a copy of the Complaint. (Roche Decl. ¶ 3).

3. To be timely, a Notice of Removal must generally be filed within 30 days from defendant's receipt of an initial pleading or subsequent document from which the case's removability becomes ascertainable. Thirty days from May 10, 2023, is June 9, 2023. This Notice of Removal is being filed prior to the end of June 9, 2023 and is therefore timely. Notice of this removal is being given to both the adverse party and to the state court pursuant to 28 U.S.C. § 1446(d). (Roche Decl. ¶ 4).

## CONSENT TO REMOVAL BY ALL DEFENDANTS
## "PROPERLY JOINED AND SERVED"

4. "When a civil action is removed solely under [28 U.S.C. § 1441(a)], all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

5. As of the date of this Notice of Removal, only CHD has been served (*see* Roche Decl. ¶ 6), and there are no other defendants that need to be served or are necessary to join in the removal of this action.

## VENUE

6. Pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a), venue lies in this Court because the Central District of California is the "district and division embracing the place where such action is pending," namely: the Superior Court of California for the County of Los Angeles.

## JURISDICTION

7. **Basis of Original Jurisdiction**. As set forth below, the above-captioned matter is a civil action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because (i) it is a civil action, (ii) in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs; and (iii) is between citizens of different states. 28 U.S.C. § 1332(a)(1).

### I. Plaintiff is a Citizen of California

8. A natural person's state citizenship is determined by his or her state of "domicile." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)). "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed." *Id.* A party's "place of residence" is *prima facie* evidence of domicile. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

9. In her Complaint, Plaintiff alleges she is a resident of California. (Roche Decl., Ex. A ¶ 4). Allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship. *See Kanter*, 797 F.2d at 751.

### II. Defendant CHD is a citizen of Delaware and New Jersey

10. A corporation "shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. CHD, the only defendant in this case, was at the time of filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Ewing, New Jersey. (Roche Decl. ¶ 6).

### III. Complete Diversity of Citizenship Exists as of the Date of this Removal

12. Jurisdiction under 28 U.S.C. § 1332(a) requires "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). Diversity is evaluated at the time the removal is effected, *see Strotek Corp. v. Air Transport Association of America*, 300 F.3d 1129, 1131 (9th Cir. 2022), based on the citizenship of the "parties properly joined *and served* as defendants" at the time. 28 U.S.C. § 1441(b)(2).

13. The only party that has been served in this action as of the date of this Notice of Removal is CHD. (Roche Decl. ¶ 5). Complete diversity of citizenship exists under 28 U.S.C. § 1332 because, as set forth above, Plaintiff is a citizen of California and CHD (the only defendant in this action) is not.

### IV. The Amount in Controversy "More Likely than Not" Exceeds $75,000

14. In the Complaint, Plaintiff pleads a claim for damages under the CLRA on behalf of a putative class of California consumers. (Roche Decl., Ex. A ¶¶ 12, 15). Plaintiff claims she was harmed by CHD's allegedly false advertising regarding its "Vitafusion Brain Food" supplement product. (*Id.*, Ex. A ¶ 1).

15. The removing defendant may make the requisite showing by either (i) demonstrating that it is "facially apparent" from the complaint that the claims are likely to exceed $75,000 (e.g., a claim for damages on behalf of a putative California class, the nation's most populous state), or (ii) setting forth facts in the notice of removal that support a finding of the requisite amount under a "preponderance of evidence" standard. *See, e.g.*, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999); *Gugliemino v. McKee Foods, Inc.*, 506 F.3d 696, 699 (9th Cir. 2007). As shown here, Plaintiff has placed in controversy an amount exceeding $75,000, exclusive of interest and costs.

16. Plaintiff claims that CHD violated the CLRA by claiming that its "Vitafusion Brain Food" supplement product will support "stress, focus and brain nourishment." (Roche Decl., Ex.

A ¶ 11.a). Plaintiff argues the challenged efficacy claims have been proven false by scientific studies demonstrating the ingredients in the product cannot provide the advertised benefits. (*Id.*, Ex. A ¶ 9). On that basis, Plaintiff purports to bring her CLRA claim on behalf of a class of all California consumers who purchased the product for personal use during the class period. (*Id.*, Ex. A ¶ 12). California is the most populous state in the nation, with over 39 million residents.[1] CHD's business records reflect that it has generated over $75,000 in sales of Vitafusion Brain Food in California during the putative class period. (Roche Decl. ¶ 7). Therefore, Plaintiff and the putative class may be entitled to over $75,000 in compensatory damages.

## CONCLUSION

17. "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because Plaintiff's case is pending in the Los Angeles Superior Court and is a civil action where: (i) the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs; and (ii) is between citizens of different states, Plaintiff's case is removable to this Court. *See* 28 U.S.C. §§ 84(c)(2) (stating that the County of Los Angeles is in the Central District of California, 1332(a) (establishing original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different states; and 1441(a) (establishing right to move).

18. In the event this Court should have any questions about the propriety of removal or may be inclined to remand this action, CHD respectfully requests that the Court issue an order to show cause why the case should not be remanded and afford the parties an opportunity to provide the Court with full briefing and argument.

**WHEREFORE**, CHD hereby provides notice that the case originally captioned as *Geneva Gonzales v. Church & Dwight Co., Inc.* and designated as case number 23STCV10029 in the

---

[1] The population of California is estimated to be 39,029,342 as of July 1, 2022. *See* QuickFacts California, United States Census Bureau, https://www.census.gov/quickfacts/CA.

Superior Court of California for the County of Los Angeles has been removed to the United States District Court for the Central District of California for all further proceedings.

Dated: May 24, 2023                    PROSKAUER ROSE LLP

                                       */s/ Jennifer L. Roche*
                                       By:   Jennifer L. Roche

                                       Attorneys for Defendant
                                       CHURCH & DWIGHT CO., INC.